IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03120-TPO

ENDERSO ERNESTO RAMOS SARMIENTO,

     Petitioner,

v.

WARDEN, Denver Contract Detention Facility,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security,

TODD BLANCHE, Acting U.S. Attorney General,

DAVID J. VENTURELLA, Acting Director,
U.S. Immigration and Customs Enforcement,

and

ROBERT HAGAN, Denver Field Office Director,
U.S. Immigration and Customs Enforcement,

in their official capacities,

     Respondents.

---

## ORDER TO SHOW CAUSE

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus in which Petitioner seeks habeas corpus relief under 28 U.S.C. § 2241. ECF 1. Also before this Court is Petitioner's Motion for Issuance of Order to Show Cause. ECF 4. The Clerk of Court directly assigned this case pursuant to D.C.COLO.LCivR 40.1.

Petitioner is "in custody" for § 2241 purposes because he is detained at the Denver Contract Detention Facility. ECF 1 ¶¶ 11, 12. Petitioner invokes this Court's subject matter jurisdiction on

the basis of 28 U.S.C. § 2241 and on 28 U.S.C. § 1331 for raising federal law questions. ECF 1 ¶ 2.

Petitioner is a national and citizen of Venezuela. ECF 1 ¶ 5. He has lived in the United States since September 2021. *Id*.; ECF 1-1. He asserts "established deep, stable, and documented ties to the United States, including his community in Orlando, Florida." ECF 1 ¶ 5. Petitioner is married to a U.S. citizen. *Id*. Pending with the USCIS are a Form I-589 asylum application that he had filed and a Form I-130 Petition for Alien Relative that his U.S. citizen wife had filed. *Id*. Petitioner denies any criminal history. *Id*. ¶¶ 5, 7.

Plaintiff was taken into immigration custody on June 26, 2026 "following a brief traffic stop." ECF 1 ¶ 7. The next day ICE issued a Notice to Appear that charged him with being in the United States without admission or parole. *Id*. ¶ 8. Petitioner does not say whether an administrative arrest warrant was issued. An immigration judge held a bond hearing on July 9, 2026. *Id*. ¶ 9. The immigration judge denied bond after finding him to be a flight risk. *Id*. Petitioner does not say whether he appealed that denial to the Board of Immigration Appeals.

Petitioner seeks habeas corpus relief arguing that the immigration judge made the decision to deny him bond in ways that violated his Fifth Amendment due process rights and thus renders his detention constitutionally flawed. First, Petitioner argues that the immigration judge wrongly placed the burden of proof on him (to show that he should be released) rather than on the government (to show why detention is warranted). In support, Petitioner cites *Diaz-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *10 (D. Colo. July 2, 2019) for the proposition that the government must bear the burden to justify his detention and that shifting that burden to him to prove that he should be released violates due process. Citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1186 (D. Colo. 2024), Petitioner furthers that the government must justify

detention by clear and convincing evidence. Second, Petitioner argues that the immigration judge disregarded evidence in a wholesale way that violated his due process rights, citing *Perez Serrano v. Hagan*, No. 26-cv-01641-CNS, 2026 WL 1396534, at *3 (D. Colo. May 19, 2026). Third, Petitioner contends that the immigration judge engaged in the kind of improper speculation that is contrary to due process principles, also citing *Perez Serrano*, 2026 WL 1396534, at *3.

After preliminary consideration of the Petition, this Court ORDERS as follows:

Petitioner shall serve the Respondents with the Petition, exhibits, and this Order to Show Cause by **August 7, 2026** by email and overnight mail pursuant to the service requirements of Fed. R. Civ. P. 4(i). Within 48 hours of serving Respondents, Petitioner shall file proof of service, and counsel for Respondents shall promptly enter a notice of appearance.

On or before **August 14, 2026**, the Respondents shall show cause why the Petition should not be granted.

By the same deadline of **August 14, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3].

On or before **August 21, 2026**, Petitioner may file a Reply in support of the Petition.

Petitioner's Motion for Issuance of Order to Show Cause [ECF 4] is **granted**.

SO ORDERED.

DATED at Denver, Colorado, this 5th day of August, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

3